(92 South. 93)

### SMITH v. STATE.　(2 Div. 242.)

(Court of Appeals of Alabama.　Nov. 29, 1921.)

**1. Homicide ⊚⊛286(2)—Charge that law presumed malice from use of shotgun error.**

In a trial for murder, a charge that, accused having admitting the killing, the law presumed malice from use of a shotgun, was error, where accused insisted that he had acted in self-defense.

**2. Homicide ⊚⊛146, 269—On evidence that killing with deadly weapon was in self-defense, question of malice is for jury; presumption of malice from use of deadly weapon allowable, unless facts rebut presumption.**

In a trial for murder, there being some evidence that the killing was in self-defense, it was a question for the jury, not for the court, whether it was done with malice; the presumption of malice from use of a deadly weapon being allowed, unless the facts proving the killing rebut the presumption.

Appeal from Circuit Court, Bibb County; Samuel F. Hobbs, Judge.

Henry Smith was convicted of murder in the second degree, and he appealed. Reversed and remanded.

Jerome T. Fuller, of Centerville, for appellant.

The court erred in the oral charge excepted to. 107 Ala. 40, 19 South. 37; 94 Ala. 55, 10 South. 522; 102 Ala. 135, 15 South. 264, 48 Am. St. Rep. 22. Counsel discuss other assignments of error, but in view of the opinion it is not deemed necessary to here set them out.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

BRICKEN, P. J. This appellant was indicted and tried for the offense of murder in the first degree; he was convicted of murder in the second degree, and duly sentenced to the penitentiary for a term of twelve years, and appeals.

Upon the trial in the court below numerous exceptions were reserved to the rulings of the court upon the testimony, also as to many statements of the court in its oral charge, and for the refusal of numerous written charges requested. The trial was had and determined on March 2, 1921, and be-

fore sentence the defendant made a motion for a new trial, which was denied, and defendant duly excepted. There is no necessity in passing upon the numerous questions presented, as many of them relate to matters which in all probability will not arise upon another trial.

[1] The court was in error in overruling the motion for a new trial, and this necessitates a reversal of the judgment of conviction appealed from. Some of the exceptions reserved to the court's oral charge are well taken. The court charged the jury orally:

"The law says that malice may be presumed from the use of a deadly weapon, and the court judicially knows, and so do you, that a shotgun is a deadly weapon. So the law in this case presumes that this act which this man at the bar of justice admits having done was maliciously done."

That this charge was prejudicial error needs no argument. It is true this defendant made no denial of the fact that he shot and killed Truman Barnes, the deceased named in the indictment; but he strenuously insisted that he was justified in this act for that he committed it in self-defense.

[2] There was some evidence to sustain this contention, and it was therefore a question for the jury, and not for the court, as to whether the shooting was done with malice. In a case of homicide, the law does presume malice from the use of a deadly weapon, and casts on defendant the onus of repelling the presumption, unless the evidence which proved the killing shows also that it was perpetrated without malice. In other words, malice may be presumed from the use of a deadly weapon, unless the facts proving the killing rebutted the presumption of malice in the use of the deadly weapon. By the above charge the defendant was deprived of this important qualifying clause, and the effect of the court's statement was to charge that the killing was maliciously done as a matter of law. As before stated this was error, and the judgment appealed from must be reversed, and the cause remanded.

Reversed and remanded.